**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 8 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN CARLOS CHINCHILLA SANCHEZ,<br><br>                    Petitioner,<br><br>    v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>                    Respondent. | No.    19-70672<br><br>Agency No. A205-907-460<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 2, 2020**

Before:    WALLACE, CLIFTON, and BRESS, Circuit Judges.

Juan Carlos Chinchilla Sanchez, a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's decision denying his

application for withholding of removal and relief under the Convention Against

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo the legal question of whether a particular social group is cognizable, except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241-42 (9th Cir. 2020). We review for factual findings for substantial evidence. *Id*. at 1241. We deny the petition for review.

The BIA did not err in concluding that Chinchilla Sanchez did not establish membership in a cognizable social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (*quoting Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))); *Delgado-Ortiz v. Holder,* 600 F.3d 1148, 1151-52 (9th Cir. 2010) (returnee social group too broad to be cognizable).

Substantial evidence supports the determination that Chinchilla Sanchez failed to demonstrate the harm he experienced and fears was or would be on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by

2                                                                    19-70672

theft or random violence by gang members bears no nexus to a protected ground"); *Barrios v. Holder*, 581 F.3d 849, 856 (9th Cir. 2009) (gang victimization for economic and personal reasons did not establish persecution on account of a political opinion). We reject Chinchilla Sanchez's contentions that the BIA improperly made new findings as to his political opinion claim.

Thus, Chinchilla Sanchez's withholding of removal claim fails.

Substantial evidence also supports the BIA's denial of CAT relief because Chinchilla Sanchez failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

We reject Chinchilla Sanchez's contentions that the IJ and BIA failed to conduct an individualized assessment of his case as well as his other assessments of error. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) ( the BIA need not write an exegesis on every contention); *Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006) (petitioner did not overcome the presumption that the BIA reviewed the record); *Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004 ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach." (quoting *INS v.*

19-70672

*Bagamasbad*, 429 U.S. 24, 25 (1976))).

**PETITION FOR REVIEW DENIED.**